### John G. Brock v. Richard P. Jones' Ex'or.

It is a familiar maxim, that ratification has retroactive efficacy, and relates back to the inception of the transaction ; and when deliberately made, with a knowledge of the circumstances, cannot be revoked.

The demand of a receipt for the amount tendered will not vitiate a tender, not even the demand of a receipt in full, where the sum tendered is all that is due, and the claim is not unliquidated and unsettled between the parties. (But the case was not decided on this point.)

The offer to pay, on the part of Brock, is believed, however, to be defective, when considered technically as a tender, in this, that there was no *profert in curiæ*. The money was not brought into Court, nor was it tendered at the time of the trial.  This was necessary, in order to take advantage of the previous offer, as a tender.

The act of Brock was, to say the least, a substantial compliance with his stipulations : and although his plea and offer might not be available in a Court of law, when considered merely as a tender, yet his offer to pay, as made, and his averment that he has always been ready and willing to pay, and that he still is ready, according to the settlement, is sufficient, with previous part

performance, to save the contract from forfeiture, and entitle him, on compliance with its terms, to specific performance.

Where the defendant in a suit to recover land and cancel a deed, pleaded that the deed had been delivered in pursuance of a settlement of a former suit about the same land, which had been in part performed, and pleaded a tender of performance of the residue, (for the payment of money) and that he had always been ready and willing and was still ready and willing to perform his part, but did not bring the money into Court, nor pray a specific performance, but prayed to be hence dismissed, &c., and the plaintiff had judgment; this Court, being of opinion that the merits were with the defendant, although the defence of tender was defective on account of the failure to bring the money into Court, or tender it at the trial, and the Court could not enforce the specific performance, because the party had not prayed it, decided to reverse and remand the case, in order that the pleadings might be amended, unless the parties would consent to a judgment.

Appeal from Galveston.   Tried before the Hon. Nelson H. Munger.

Suit by appellee against appellant, to recover two lots of ground in the city of Galveston, and cancel a deed for same, which the defendant had obtained unfairly from the plaintiff. Answer of general denial ; plea of not guilty ; and special plea, that said deed mentioned in and made a part of said petition, was executed by said Richard P. Jones, and tendered to this defendant in a suit brought by said Jones against this defendant, as stated in said petition, and that said suit was carried to the Supreme Court on a writ of error, and there determined in favor of this defendant ; and defendant further says, that' afterwards, to wit : on or about the 26th day of March, A. D. 1852, said Richard P. Jones, by his attorney, Joseph A. Swett, entered into a settlement with this defendant, of said suit, and of the matters in controversy between them therein ; in consideration of the terms of which settlement, said Richard P. Jones, by his attorney aforesaid, caused said deed to be put on the records of Galveston county on the said 26th day of March aforesaid ; that said deed having been so put upon record, the terms of said settlement were reduced

to writing and duly signed by said Jones and this defendant, each acting by his attorney, on the 29th day of March aforesaid, and were to the effect following, that is to say:

(Style of case in Supreme Court.)

This case having been decided by the Supreme Court in favor of the plaintiff in error, and the judgment of the District Court having been reversed and the cause remanded, and the parties being desirous of settling and adjusting the same, it is hereby stipulated and agreed that the same, and the matters connected therewith, shall be settled as follows : said Jones to pay the costs of the Supreme Court, including the costs of the transcript of the record ;  each party to pay one half of the costs in the District Court ; said Brock to pay said Jones the sum of three hundred dollars, one hundred of which is acknowledged to have been paid by Brock and received by Jones at this date, and the balance to be paid in sixty days from the date hereof at the office of L. Sherwood in Galveston—the deed from Jones to Brock to be put upon record.   All further actions, suits and proceedings in the Courts between the parties to be released and discontinued.

The plea then alleged the payment of the one hundred dollars ; the subsequent ratification of the contract by Jones, and then continued as follows : in consideration of which settlement and ratification, and in pursuance thereof, this defendant was ready and willing, at the time and place appointed, to pay the amount agreed upon ; and defendant further avers that he has always been ready and willing to pay the said balance, according to the terms of the settlement aforesaid, and still is ready to do so ; and defendant insists that said agreement, in part performed on each side, to wit : by the recording of said deed and the payment of the said one hundred dollars, has been in no manner rescinded or annulled, but, on the contrary, is a good, valid and subsisting settlement, binding the respective parties thereto.

The plea then alleged that notwithstanding the said settle-

ment, Jones had fraudulently obtained the deed from the Clerk of the County Court, and withholds it.

Then followed a special plea of purchase of said lots by the defendant in 1849, at Sheriff's sale, on an execution against one Henry Klahn, and plea of the Statute of Limitations.

Then followed allegations that the plaintiff claimed under Klahn, through a trustee sale, made after the debt was barred by the Statute of Limitations.

Wherefore, and by reason of the premises aforesaid, defendant prays that he be hence dismissed with his reasonable costs in this behalf incurred.

The evidence, so far as material to this report, is stated in the Opinion. The petition contained a prayer for general relief, but did not contain allegations which could sustain a judgment for the money.

*Sherwood & Goddard*, for appellant.

*Allen & Hale*, for appellee.

HEMPHILL, CH. J. An examination, *seriatim*, of the errors assigned, would neither be profitable, nor, in some particulars, material to the decision ; and I shall inquire only into the two really essential questions in the cause, viz :

1st. Was the agreement of the 29th March, 1852, ever binding upon the principals, Brock and Jones ? and if so,

2nd. Was it binding, or could it have been enforced, at the commencement of this suit ?

As to the first, no question has been made as to the authority of Sherwood to represent his principal, Brock. This is admitted. Nor can any objection be sustained to the agreement, for the want of authority in Swett to act for his principal, Jones. The latter having a full knowledge of the terms of the agreement, and of the material facts and circumstances attending its execution, gave it his express assent and ratification, and it

became as obligatory upon him as if originally made by himself, or as if Swett had had special authority to make such agreement. (Story on Agency, § 242—250.) It is a familiar maxim, that ratification has retroactive efficacy, and relates back to the inception of the transaction ; (Id. § 244 ;) and when deliberately made, with a knowledge of the circumstances, cannot be revoked or recalled. (Id. § 250.) There can be no doubt that by the ratification of Jones, the agreement became as obligatory on himself as it was upon the other principal in the instrument.

The important question in the cause is, whether there was any or such default on the part of Brock, as to be equivalent to a rescission of the agreement, and as would discharge Jones from his obligations.

The terms of the agreement were, that Jones was to pay the costs of the Supreme Court ; each party to pay one half the costs in the District Court, and Brock to pay Jones three hundred dollars, the receipt of one hundred of which was acknowledged, and the balance to be paid in sixty days at the office of L. Sherwood in Galveston ; the deed to be put on record, and all further proceedings, &c., to be discontinued.

It appears that there was part performance by Mr. Brock, at the time of the transaction ; and as to the remainder, it appears that when Jones called at the office of Mr. Sherwood, for the two hundred dollars, the latter acting on behalf of Brock, proposed to Jones that he would pay the whole of the costs of the District Court, and that Jones should allow his proportion of the same to be deducted from the amount to be paid by Brock. To this Jones agreed, but refused to allow for the amount of costs in the Supreme Court, which had been paid by Sherwood. Jones refused to deduct this from the two hundred dollars, and the item being insisted on by Sherwood, Jones refused to consummate the settlement. Sherwood made up a bill of items, showing, after deducting the costs of the transcript and half the costs of the District Court, a balance of

$170 83 due from Brock to Jones. He also drew a receipt for Jones to sign, to the effect that the one hundred and seventy 83-100 dollars was in full of the two hundred dollars ; that Brock was to pay one half the costs in the District Court. Sherwood offered the money to Jones, and requested him to sign the receipt, which he refused, on account of the deduction of the thirteen dollars costs in the Supreme Court. On these facts, it is objected that the tender was bad,

1st. Because it was not for the whole amount due.

2nd. That it was conditional—a receipt in full being demanded ; and,

3rd. That the plea and proof of a former tender can have no effect, there being no present offer, and the money not being paid into Court.

As to the first objection, it would seem that no more was due Jones than the sum tendered. The agreement was, it is true, that Brock should pay two hundred dollars. But Jones was bound by the same agreement to pay the costs of the Supreme Court. By law the mandate may be retained until the payment of costs ; and to secure the benefit of the judgment, the successful party (although the costs be adjudged against the other) may be required to advance for the costs, and, on such advance, he becomes the real owner of the costs, for whose benefit they should be collected. Brock, as may be inferred, having advanced for the costs, (although they were adjudged against Jones,) to secure the issue of the mandate, was entitled to the amount so advanced ; and this, when collected under process, would have been for his benefit, and was a discount which should have been allowed. There was, by the agreement, as much obligation on Jones to pay the costs, as there was on Brock to pay the two hundred dollars ; and if Brock had incurred the expense of the costs to secure the mandate, (an expense which he could not have incurred, had Jones not made default,) Brock was entitled to the amount from Jones ; and the tender of the balance, it would seem, is not obnoxious

to the objection that there was not a tender of the whole amount that was due.

As to the second objection, that the demand of a receipt made the tender bad, as conditional, it would seem from the authorities cited, especially 20 Wendell, 47, that the demand of a receipt, under any circumstances, although there might be no dispute about the amount, would vitiate an offer to pay, as a tender. But this certainly cannot be the true rule. There must be unsoundness in a principle which would require the payment of money without a receipt as evidence of such fact, or which would deprive a party of a legal right or benefit, from taking such receipt or even demanding it, or intimating that it was expected. (Ibid.) Such a course of dealing would be very unsafe. It would be just as reasonable to require that no witnesses should be present, as they might subsequently prove the transaction. The opinions in Richardson v. Jackson, 8 M. & W. 298, show the unsundness of the rule. See, also, 8 Dowl. 442 ; Bowen v. Owen 11 Q. B. 131 : Chitty on Contracts, 694. No doubt the demand of a receipt would vitiate the act, as a tender, where a debtor offered a particular sum in discharge of a demand which was unliquidated and unsettled between the parties. If the construction we have given the agreement and the acts of the parties be the true one, the receipt was demanded only for the sum which was actually due, and the statement that it was in full could be no objection, if any receipt in cases of tender be admissible.

The offer to pay, on the part of Brock, is believed, however, to be defective, when considered technically as a tender, in this, that there was no *profert in curia*. The money was not brought into Court, nor was it tendered at the time of trial. This was necessary, in order to take advantage of the previous offer, as a tender. (23 Wendell, 342 ; 6 Bacon, 465.)

But whether the offer to pay the money was originally valid as a tender, or whether its effect as such was lost by the non-payment of money into Court; yet it does not follow necessa-

rily, that the agreement was impaired or its obligation extinguished. The costs and interest would be affected, but the rights of the parties might remain in full vigor. The contract was partly performed, and unless there had been a substantial breach, or failure, or refusal, on the part of the defendant, to perform further and pay the balance of the money, a Court of Equity would hold the contract as subsisting and the defendant Brock entitled to specific performance. If it be admitted that by a very rigorous construction, the defendant Brock was not, under the terms of the agreement, entitled to insist on being repaid for the costs, out of the two hundred dollars ; yet this was no such mistake, as to forfeit not only the contract but the amount of the partial payment already made. Jones himself had committed the first fault, by not appearing to receive the money on the day prescribed for payment. But if Brock had, on that account, claimed a rescission, the cause of failure alleged by Jones would have been deemed sufficient, and that there was no forfeiture, time not being the essence of the contract. The act of Brock was, to say the least, a substantial compliance with his stipulations ; and, although his plea and offer might not be available in a Court of Law, when considered merely as a tender, yet his offer to pay, and his averment that he has always been ready and willing to pay, and that he still is ready, according to the terms of the settlement, is sufficient, with the previous part performance, to save the contract from forfeiture, and entitle him, on compliance with its terms, to specific performance.

The defendant claims that the contract is still valid and subsisting, and upon the facts his claim is well founded.

But there is great difficulty, in the pleadings and prayers of the parties respectively, to enter such decree as would settle the controversy upon its merits. The plaintiff prays that the deed which, by the agreement, was placed on record, be annulled, and that he recover possession and be quieted in his title to the land. The defendant, after setting up the agree-

ment, does not pray that it be performed according to its terms, though averring his own readiness; nor does he pray that on compliance on his part the plaintiff be required to surrender the deed, and that he be quieted in his title; but after setting up other defences against the right of recovery of the lots by plaintiff, he prays to be dismissed with his costs. There is sufficient in the pleadings and evidence to show that the contract is still valid, but unless the parties will consent to the entry of the judgment, the cause must be sent down for an amendment of the pleadings, that judgment may be entered in conformity with the principles of the foregoing Opinion.

The whole controversy has grown out of the item of costs. This, we believe, should have been paid by Jones, out of the purchase money. Brock was entitled to this in equity, independent of the question whether such claim would invalidate the offer as a technical tender. Upon the pleadings and facts, Brock is not entitled to claim the offer as a tender, with its technical benefits; but on the payment of the balance which was offered, with the interest, he is entitled to the surrender of the deed and to a decree quieting him in his title.

A judgment having been agreed upon by the parties, it is ordered, that the same be made the judgment of this Court.

Reversed and reformed.

WHEELER, J., being unwell, did not take part in the decision of this case.