## SMITH v. VAN CAMPEN.

**Equity**: TITLE BOND. Where the owner of certain real estate, under an agreement to sell the same, had executed a bond for a deed and received from the purchaser notes for the deferred payments, and after a time the parties by mutual agreement rescinded the contract, and the notes were returned, but the bond was never surrendered, it was *held*, that the owner was entitled to a decree quieting his title.

*Appeal from Mitchell District Court.*

MONDAY, APRIL 26.

THE plaintiff commenced his action in equity, alleging that he was the absolute owner of certain described real estate; that on the 15th day of February, 1871, he conveyed one undivided half thereof to D. F. McCarthy, by warranty deed; that possession of the premises was surrendered to and taken by said McCarthy, in pursuance of said conveyance; that plaintiff is bound by the covenants in his deed to warrant and defend the title and possession of the said premises to his said grantee; that the defendant makes some claim to said premises adverse to the title conveyed by plaintiff to said McCarthy, and prays that the title may be quieted, etc.

The defendant, for answer, denies that the plaintiff was the owner of the premises at the time he made a conveyance thereof to McCarthy; and by cross-petition alleges that prior to that time he had purchased of the plaintiff the premises in controversy; that he paid a part of the consideration at the time of the contract of purchase, and the balance in full subsequently, and prior to the sale to McCarthy; that plaintiff refused to convey the property to defendant as he had agreed to do; and prays a specific performance of the contract.

The cause was tried in equity, on written evidence, by the court, who rendered a judgment for plaintiff. Defendant appeals.

*D. W. Poindexter* and *M. M. Browne*, for appellant.

*L. M. Ryce* and *J. G. Patterson*, for appellee.

MILLER, CH. J.—In this case counsel devote their entire arguments to the discussion of the sufficiency of the evidence to entitle the plaintiff to the relief sought, and which was decreed to him by the District Court.

We have carefully and critically read the evidence, and are well satisfied with the decree of the court below. The disputed facts arise on the cross-bill of the defendant. It is admitted that, prior to the sale by plaintiff to McCarthy, in October, 1868, plaintiff had agreed to sell the undivided one-half interest of the property in controversy, being a mill and its appurtenances, fixtures, etc., to the defendant, at which time the plaintiff executed to the defendant a bond for a conveyance upon full and final payment, and the defendant executed notes for the purchase money deferred; some money was paid down. The evidence very satisfactorily shows that in March, 1869, the defendant, being unable or unwilling to pay for the interest he had thus purchased in plaintiff's mill property, the parties, by mutual agreement, rescinded the contract, by the plaintiff " buying back," as they called it, the interest which had been bargained to defendant; that the parties then had a complete settlement of this matter, together with other matters between them. At this settlement plaintiff surrendered to defendant the notes he had executed as part of the consideration of this property, and the defendant promised and agreed to surrender to plaintiff his bond for a deed, stating that it was at his house, he could obtain it at any time, that he had never put it upon record; but he never did surrender the bond.

There is considerable conflict in the testimony, but after a careful reading of it we are well convinced of the truth of the facts above stated. Upon these facts it is clear the defendant has no claim to a conveyance of an interest in this property, and that the plaintiff is entitled to have the title quieted in his grantee, McCarthy. The decree of the District Court will be affirmed with costs, including the costs of appellee's additional abstract, which was rendered necessary by the failure of appellant to print a complete abstract.

AFFIRMED.