JACOB HALFIN V. IDA WINKLEMAN ET AL.

No. 6752.

1. **Variance, Immaterial.**—A reference in a vendor's lien note to pages of the record where the deed describing the land is recorded (219 and 220 instead of 419 and 420) is considered a mistake so apparent that evidence to prove it is unnecessary; nor is it material that the note bears date 29th, when the deed recited a note of identical terms of even date, and dated 27th. The note offered in evidence agreed with that described in the petition save as to the pages of record referred to, and it appeared that but one note had been executed.

2. **Presumption of Payment from Possession by Maker of Overdue Note.** As an abstract proposition of law the possession by the maker of an overdue promissory note is presumptive evidence of payment, but such presumption has no conclusive effect.

3. **Innocent Purchaser—Notice.** — A purchaser of land, the deed to his vendor showing an express lien to secure a note for the purchase money, on the production by his vendor of his note—not receipted and the lien not released—is bound to inquire further touching the payment of such note. The statements of the maker to such payment can not excuse further inquiry. A purchaser not inquiring further can not be considered a bona fide purchaser.

APPEAL from Caldwell. Tried below before Hon. H. TEICH-MUELLER.

No statement necessary.

*M. R. Stringfellow, J. F. Cahill,* and *A. M. Jackson, Jr.,* for appellant.
1. The statements made by A. Voigt to Louis Halfin, while Voigt was in possession of the note executed by him to Winkleman, and described in the deed from Winkleman to Voigt, of date March 27, 1883, were evidence in behalf of Halfin as explanatory of Voigt's possession of the note, tending to support Halfin's plea that he was a purchaser of the land in good faith without notice of an existing lien. Goodson v. Johnson, 35 Texas, 622, et seq.

2. The court erred in permitting plaintiffs to read in evidence, over the objection of defendant, a note from A. Voigt in favor of John Winkleman for $400, dated March 29, 1883, and due on or before the 1st day of January, 1885, because there was a material variance between said note and the note described in plaintiff's petition. Brown v. Martin, 19 Texas, 344.

3. Possession by Voigt of his overdue promissory note raised a presumption of its payment, on which Halfin had a right to rely. 1 Greenl. on Ev., sec. 38; 2 Id., sec. 527; 2 Whart. on Ev., secs. 1125, 1362; 7 Gill., 35, 41; 19 Pick., 220–227; 9 Metc., 547; 15 N. H., 67; 7 Wend., 198; 9 Wend., 323; 12 S. & R., 42; 9 S. & R., 385; 4 Watts & S., 393; 35 Iowa, 264; 31 Wis., 152; 50 Ala., 63; 13 Ark., 63; 1 Ala., 275; 14 La. Ann., 194.

4. If Winkleman by placing said note under the control of Voigt enabled Voigt to mislead Louis Halfin into the belief that said note had been paid, and Louis Halfin was so misled at the time he took the deed of trust from Voigt, then this defendant is entitled to protection as an innocent purchaser for value, without reference to collusion between Winkleman and Voigt to defraud this defendant. 1 Story Eq. Jur., secs. 390a, 384, 385; Bedell v. Hering, 20 Pac. Rep., 129; Johnson v. Byler, 38 Texas, 606; Horn v. Cole, 51 N. H., 290; Stevens v. Dennett, 51 N. H., 333–336.

*Nix, Storey & Storey*, for appellees.—1. To authorize the exclusion of the note the variance must be a material one, and the variance complained of is not a material variance. Mason v. McLaughlin, 16 Texas, 27, 28; Stock Co. v. Kaiser, 66 Texas, 352.

2. The charge of the court was correct, that the possession by the payor of a non-negotiable note retaining a vendor's lien on land does not raise the presumption that said note has been paid. Merrill v. Smith, 22 Texas, 53, 54; Ross v. Smith, 19 Texas, 171–174; Merlin v. Manning, 2 Texas, 351; Ball's Heirs v. Smith, 38 Texas, 241; Story on Prom. Notes, sec. 383.

FISHER, JUDGE, *Section B.*—This is a suit by John G. and Ida Winkleman against Aug. Voigt, on a promissory note executed by Voigt to John Winkleman for the sum of $400. The note bears date March 29, 1883, and is due and payable January 1, 1885. The note was given as a part of the purchase money of 129 acres of land, that is described in certain deeds referred to in the note. The note retains a vendor's lien on the land. The petition asks for judgment against Voigt on the note, and that the vendor's lien be foreclosed on the land. The appellant Halfin is made a party defendant, for the reason, as alleged in the petition, that he is asserting some pretended claim or title in the land described in the note.

The appellant answered by a general denial, and that he became the owner of the land under purchase at a trustee's sale made under a deed of trust executed by Aug. Voigt, and that at the time of the execution of the deed of trust under which he claims title the note had been paid off by Voigt. He further alleges, that at the time and before the deed of trust was executed by Voigt he and those to whom the deed of trust was executed discovered that the deed executed by appellees to Voigt recited the existence of the note sued on, and that the deed retained a vendor's lien on the land therein described; that the attention of Voigt was called to this matter, and he then and there produced and exhibited to them the note, and then stated that he had paid the same. Upon the faith of the statement of Voigt that the note was paid, accompanied with his possession of the same, the deed of trust was executed, and

thereby appellant claims the deed of trust was taken on the land without any notice of the nonpayment of the note, and for this reason he is an innocent purchaser of the land.

The answer further alleges, that if the note was not paid off it was placed by appellees in the possession of Voigt with the intention and purpose of enabling Voigt to impose upon those to whom he executed the deed of trust the deception that the note was paid.

A general demurrer was sustained to so much of the answer as sets up the innocent purchase of the land.

Judgment was rendered in favor of appellees against defendant Voigt for the amount of the note, and against Voigt and appellant foreclosing the vendor's lien on the land.

Appellant contends that the court erred in admitting the note in evidence over his objection, because there is a variance between the note described in the petition and that introduced in evidence. The note offered in evidence in referring to certain deeds for description of the land states that it is recorded in book X, pages 219 and 220. The note as set out in the petition described the deed as being recorded in book X, pages 419 and 420. And further, the note sued on bears date March 29, 1883, and recites the execution by John and Ida Winkleman of a deed to Voigt of *even date herewith,* and the deed offered in evidence bears date March 27, 1883, and describes a note of *even date.* In other words, the note refers to a deed of different date than the one exhibited, and the deed exhibited describes a note of different date than the one sued on. The note is set out in the petition in hæc verba. The note introduced in evidence and that set out in the petition correspond in every particular, with the exception of the pages of the record where the deed is recorded. The note and lands described in the deeds referred to are identical with the note sued on, with the exception that the deed is dated March 27 and the note March 29, 1883. The deed from Winkleman to Voigt only recites the existence of one note, and the one sued on corresponds in every respect except the difference in date.

It is reasonably certain that the note sued on is the same as that described in the deed to Voigt. The reference to the pages of the record where the deed describing the land is recorded is evidently a mistake so apparent that evidence to prove it is unnecessary. We do not see how the mistake in calling for the pages of the record or the difference in the date of the note, when it is apparent that only one was executed, can be regarded as a material variance that affects the admissibility of the note in evidence. Williams v. Ball, 52 Texas, 610; Freeman v. Brundage, 57 Texas, 254; May & Co. v. Pollard, 28 Texas, 678; Longley v. Caruthers, 64 Texas, 288; Pleasants v. Dunkin, 47 Texas, 344; Trabue v. Stonum, 20 Texas, 454; Lasater v. Van Hook, 77 Texas, 655.

The appellant insists that the court erred in sustaining the demurrer to so much of the answer as alleges the facts relied on to establish his

innocent purchase of the land, and insists that the court erred in charging the jury that the possession of a promissory note by the maker is not presumptive evidence of payment; and erred in refusing to give charges as requested by appellant submitting the converse of this proposition of the law. In considering these questions we will treat them as one.

That portion of the answer that asserts an innocent purchase is based upon the theory that the possession by the maker of an overdue promissory note is presumptive evidence of its payment, and that a mortgagee or purchaser from the maker can act upon this presumption, coupled with the statement of the maker that the note is paid, and so acting, if he be otherwise innocent, he will be accorded the protection of an innocent purchaser or incumbrancer, although the note in fact is not paid.

As an abstract proposition of law, we think the possession by the maker of an overdue promissory note is presumptive evidence of payment; but in dealing with this presumption the law does not give it any conclusive effect. It is subject to be rebutted and overthrown by evidence that tends to disprove the existence of facts from which the presumption springs, or by evidence of facts showing that payment was not made. The effect of appellant's contention is, that this presumption, coupled with the statement of the maker that the note was paid, should be given a conclusive effect so as to protect him as an innocent purchaser. We do not think the statement by the maker that the note was paid adds any force to the presumption. This statement of the maker of the paper will not, as against the true owner, prove payment where none exists. Can the appellant in order to show that he is an innocent purchaser, and that he is in the position to seek protection from a court of equity, stop short in his inquiry as to the payment of this note, relying solely upon the presumption that the law raises? We think not. Here there was no receipt of payment, no cancellation of the note, no erasure of signature, no release of the vendor's lien. The legal title to the land, as shown by the terms of the note and the deed by reason of the expressed vendor's lien retained, was still in the appellees, the vendors of Voigt. The appellant when he found the note in the possession of Voigt, the maker, knew that such fact simply raised a presumption of payment that could be disproved by showing that payment was not made. When he dealt with Voigt, relying upon this presumption, he did so in peril of proof of facts that might defeat the presumption, and he took the chance that such proof would be made. As a diligent purchaser who should only be entitled to the protection extended by a court of equity, he should have pursued his inquiry further, and have ascertained from those who were in a position to furnish the information the fact whether this presumption was true in fact. Stopping where he did in his inquiry, relying

solely upon the presumption, we do not think he is entitled to protection as an innocent purchaser. The facts show that the note has never been paid. From the evidence in the record, we doubt if the facts exist from which the presumption of payment springs. The evidence shows that another note was exhibited by Voigt to appellant, and not the one sued on. Such is the effect of the evidence of witnesses Cahill and Louis Halfin, witnesses in behalf of appellant. As a matter of fact, considered independent of the averments of so much of the answer as sets up the innocent purchase, we think the evidence in the record, notwithstanding the demurrer to such portion of the answer was sustained, shows that the note sued on was never in the possession of Voigt, and that he never exhibited it to the appellant or those under whom he claims. The note was left with the firm of Porter & Voigt by Winkleman as collateral security for the payment of a mercantile account due them by Winkleman for about $250. Porter testifies, that this note was delivered to him by Winkleman, and he put it in an envelope and sealed it up, and placed it in the safe for safe keeping; and he finally, after a dissolution of the firm of Porter & Voigt, took the envelope out of the safe and handed the note back to Winkleman. At the time he took the note out of the safe the seal of the envelope had not been broken.

The charge of the court, that possession by the maker of a note is not presumptive evidence of payment, may have been error in the abstract, but under the facts of this case resulted in no injury to appellant.

We have considered the other assignments or errors, but do not regard them as well taken. We report the case for affirmance.

*Affirmed.*