PACE SPORTS, INC., and G. L. Pace, Appellants,

v.

DAVIS BROTHERS PUBLISHING CO., INC., Appellee.

No. 5308.

Court of Civil Appeals of Texas, Waco.

March 28, 1974.

Rehearing Denied May 2, 1974.

Elvis G. Schulze, Austin, for appellants.

Charles L. Cantrell, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This cause is before us on petition for writ of error to a $6086.65 default judgment rendered against petitioners in suit for debt plus attorney's fees.

Plaintiff Davis Brothers sued defendants Pace Sports, Inc., and G. L. Pace, alleging defendants entered into an agreement with plaintiff whereby plaintiff would print and distribute a magazine for which defendants

promised to pay plaintiff; that $4227.82 of the debt thus incurred remains unpaid, for which plaintiff prayed judgment, plus interest and attorney's fees. Both defendants were served with citation. Defendants filed no answers and did not appear in the trial court in person or by attorney. Default judgment was rendered by the trial court against defendants for $4227.82 plus $348.61 interest; plus $1510.22 attorney's fees (totalling $6086.65).

Defendants invoke our appellate jurisdiction by writ of error, contending the trial court erred in rendering a default judgment against them:

1) In that the default judgment bears a date prior to the alleged date of the contract made basis of suit.

2) In that there is nothing in the record which proves the existence of a contract or a liquidated demand.

3) In that there is nothing in the record which proves the existence of an agreement whereby G. L. Pace could be held responsible for the debts of Pace Sports, Inc.

4) In that if it is a suit on sworn account the affidavit is insufficient.

5) Which provided for attorney's fees on a contingent basis.

■ Point 1 asserts that because the petition alleged "an agreement on or about *November 19, 1973*", and the judgment was rendered on *August 14, 1973,* that the judgment does not conform to the pleadings and is thus disclosed by the papers to be invalid.

The alleged date of the agreement, "on or about *November 19, 1973*", is obviously a clerical error since the petition after reciting the agreement further alleges that "plaintiff subsequently printed and distributed 3 issues of this magazine * * * and "that part of such debt remaining to be paid as of *May 11, 1972*" was $12,067.-

37; and that subsequently defendants assigned accounts receivable to plaintiff on *May 26, 1972;* and that plaintiff after collecting from the accounts receivable still were due $4,227.82 from defendants; and plaintiff's acknowledgment on its petition was signed on *July 6, 1973;* and suit was filed on *July 6, 1973.*

The discrepancy in the alleged date of the agreement could not have surprised defendants or prejudiced their rights. May v. Pollard, S.Ct., 28 Tex. 677; Tillman v. Heller, S.Ct., 14 S.W. 271. Moreover there is no material variance shown. Halfin v. Winkleman, 83 Tex. 165, 18 S.W. 433; First National Bank v. Stephenson, 82 Tex. 435, 18 S.W. 583.

The judgment is not rendered invalid by the allegation that the agreement was made "on or about November 19, 1973"; and invalidity of the judgment is thus not disclosed by papers on file in the case.

■ As noted both defendants were served with citation but filed no answer and did not appear at the trial in person or by attorney. The trial court had jurisdiction to render the judgment.

■ Defendants have not alleged, or by affidavit or other evidence shown they were not negligent in suffering the default judgment to be rendered against them; nor alleged, or by affidavit or other evidence shown they have a meritorious defense to plaintiff's action, which they were prevented from making by fraud, accident or wrongful act of the opposite party.

Such is their burden before they can be relieved of the default judgment. Ivy v. Carrell, S.Ct., 407 S.W.2d 212; French v. Brown, S.Ct., 424 S.W.2d 893; McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706; Eagle Life Ins. Co. v. George, Tex.Civ. App., Er.Ref., 473 S.W.2d 311.

McEwen and Eagle, supra, hold the foregoing rules apply in writ of error cas-

es. Eagle, a writ of error case, quotes from McEwen and holds:

"Only if a court had no jurisdictional power to render the judgment should a negligent defendant or one with no meritorious defense to the suit be able to relieve himself of the burdens and consequences of a default judgment."

Petitioners' points are overruled.

Affirmed.