## DREW v. HARRISON & BROTHERS.

<div style="float:right">12  279<br>37a 204</div>

Where any petition, answer, or other pleading, is founded, in whole or in part, on any instrument or note in writing, charged to have been executed by the other party or by his authority, and not alleged therein to be lost or destroyed, (Hart. Dig. Art. 741,) such other party will not be permitted to disprove the execution of such instrument or note in writing, by him or by his authority, unless he deny such execution under oath, in his pleadings ; and where a note is charged to have been executed by several as partners, under a firm name, they will not be permitted to disprove the partnership, unless they deny it under oath in their pleadings.

A plea which denies the execution of the note sued on, or the partnership of the defendants who are charged to have executed the same in their partnership name, is a nullity if it be not sworn to, and it is not necessary to except to it.

This case distinguishable, on principle, from the case of Williams v. Bailes, 9 Tex. R. 63.

Error from Harrison. This is an action on a promissory note. The plaintiff alleges that the defendants are partners trading under the name, firm and style of G. P. Harrison & Brothers, and that this note was executed by them under the said firm, name and style.

William P. Harrison, one of the defendants, is a non-resident. The other defendants, at the return Term, demurred to the petition and pleaded payment and a general denial. At the succeeding Term, (G. P. Harrison having in the mean time departed this life, and the suit having abated as to him,) the remaining defendants pleaded that they were not indebted to plaintiff in manner and form as alleged, and that they were not partners of G. P. Harrison, trading under the name and style of G. P. Harrison & Brothers.

This plea was not supported by affidavit, and it was objected to, at the trial, as inconsistent with the other pleadings, and as not filed in due order ; but the objection was overruled. A jury having been waived, the cause was submitted to the Court, and on the evidence, judgment was given for the defendants.

*S. M. Hyde*, for plaintiff in error. The Court below, under the pleadings and evidence, ought to have rendered judgment for the plaintiff. (Hart. Dig. Art. 741.) There was no denial under oath of the partnership, nor of the execution of the note sued on.

*D. Field*, for defendants in error. But it may not be improper to add that it was the duty of the plaintiff to show who were the members of the firm of G. P. Harrison & Brothers, as the note sued on did not disclose who they were, and as the liability of J. Harrison, W. P. Harrison and T. Harrison, depended upon the fact of their being shown to be members of the firm of G. P. Harrison & Brothers ; and as the note sued on did not show which of the brothers were partners, it was a question of fact to be determined by evidence, consequently their plea denying that they were partners, raised a question of fact, and was not a plea of *non est factum* or plea in abatement, therefore not required to be sworn to.

HEMPHILL, CH. J. The evidence related solely to the fact of partnership, and, so far as it went, it tended strongly to that conclusion ; but we apprehend it was insufficient to establish the fact as a basis for judicial action. Where the existence of the partnership is to be deduced from the course of dealing, conduct and declarations of the parties, one joint transaction will not be sufficient to establish the fact of general partnership, so as to dispense with proof that the particular debt was contracted on the joint account. (Collyer on Partnership, Sec. 769 ; 2 Greenleaf on Ev. Sec. 483.) But the plaintiff in error contends that he was not bound to have introduced any proof of the partnership, inasmuch as the defendants, by their form of pleading, admitted not only the execution of the note, but also the existence of the partnership as charged in the plaintiff's petition.

This position assumes for its basis, that the plea denying partnership not having been sworn to was a nullity and should

Drew v. Harrison.

have been disregarded by the Court, and in support of this, reference is made to Art. 741 of the Digest, which declares " that when any petition, answer or other pleading shall be " founded in whole or in part on any instrument or note in " writing, charged to have been executed by the other party or " by his authority, and not alleged therein to be lost or de- " stroyed, such instrument or note in writing shall be received " as evidence without the necessity of proving its execution, " unless the party by whom or by whose authority such in- " strument or note in writing is charged to have been executed, " shall file his affidavit in writing denying the execution " thereof," &c., &c.

This provision extends as well to cases in which the instrument is charged to have been executed by an agent, as where it is executed by the party himself; and the plaintiff cannot be put to the proof of either the execution of the instrument or the agency by which it was effected, unless both are denied under oath.

Now, the fact of partnership is that which gives authority to one partner to bind the others by signing their names or their firm name and style; and when they are charged with having, as partners, executed an instrument of writing, the only mode in which they can deny that the instrument was not executed by their authority is, to deny that which in law constitutes the agency, viz: the fact of partnership itself; and consequently this, if denied, must be under oath, otherwise it must be taken as admitted, and as not requiring proof for its support, on the part of the plaintiff.

In this case, the petition was founded on a note charged to have been executed by defendants as partners under their firm name and style, and which in effect charges that the note was executed by their authority, and consequently their plea denying their agency or partnership should have been under oath, otherwise it was a nullity and required no proof to rebut its allegations. It may be said that exception to the legal sufficiency of the plea should have been taken before going to

trial, and as this was not done, the objection was waived and the plea was good, unless rebutted by evidence on the part of the plaintiff.

This is the rule in cases where the plea is not essentially a nullity, but where it is merely a void act, it may be stricken out at any time; and whether stricken out or not, it cannot affect the rights of the adverse party. In the case of Williams v. Bailes, 9 Tex. 63, we ruled that a plea impeaching the consideration of a sealed instrument is not bad for the want of an affidavit, if not objected to by the plaintiff before going to trial. The effect of holding such plea good is only to permit the defendant, who is in default, to introduce evidence in support of his defence. It would not, at least *prima facie*, throw any additional burthen on the plaintiff, or require him to adduce proof to support his cause of action. But the reverse is the plea of *non est factum*. When that is rightly pleaded, it becomes immediately incumbent on the plaintiff to sustain his cause of action by proof. The *onus* is changed from the defendant to the plaintiff, and in the same case we held that this could not be done; that the defendant could not require the plaintiff to make out his case by proof, unless the plea denying the execution is accompanied with the statutory requisite of an oath.

The plaintiff, unless he object in time, may be considered as having waived his right to have the plea, impeaching the consideration of a sealed instrument, verified by affidavit. He will still be entitled to judgment, unless the plea be sustained by proof on the part of the defendant. The burthen of contest must be supported by the latter. But he cannot be considered as having waived such right in relation to the plea of *non est factum*, under which the whole burthen is thrown upon himself, and which he cannot be required to assume, unless imposed upon him in the mode prescribed by the statute.

We are of opinion that the plea denying partnership should have been regarded as a nullity, and that the plaintiff was not,

under the pleadings, bound to prove the fact of partnership. Judgment reversed and cause remanded for a new trial.

<div align="right">Reversed and remanded.</div>