## KELLY v. KELLY.

Where a petition, answer or other pleading is founded, in whole or in part, on any instrument or note in writing, charged to have been executed by the other party, or by his authority, and not alleged therein to be lost or destroyed, such instrument cannot be treated by the Court and jury as a forgery, unless its execution be denied under oath in the pleadings.

Where the answer is founded in whole or in part upon an instrument of writing which was obtained by fraud, accident or mistake, or was cancelled or for any other cause invalid, the fact by which it is proposed to avoid or invalidate it, must be pleaded and proved.

Appeal from Cass. Action by the appellees, part of the heirs of Jesse Kelly, against the appellant, as co-heir, to obtain a distribution of the property of Jesse Kelly. The defendant pleaded a deed of gift of all the property, from Jesse Kelly to him; and pleaded also a receipt, signed by the plaintiffs, for a slave in full of their share of the estate. The execution of the deed was proved, but it was not clear whether it was intended to take effect in the lifetime of the grantor or not. The hand-writing of a subscribing witness to the receipt was also proved. There were no pleadings by the plaintiffs, which impugned the deed or receipt for any cause. The Court charged the jury " that proof of the hand-writing of subscrib- " ing witness to the receipt of plaintiffs was sufficient to prove " the instrument, unless upon the paper itself or from the cir- " cumstances in proof, it came before them under suspicious " circumstances; if those suspicious circumstances were un- " explained, and were so strong as to raise doubts as to the " genuineness of the receipt, the jury would be warranted in " disregarding it." Verdict for the plaintiffs, and that the said Kelly died intestate. Motion for new trial overruled.

*T. J. & J. H. Rogers* and *Henderson & Jones,* for appellant.

*S. F. Moseley,* for appellees.

WHEELER, J.  It is evident that the jury, in rendering their verdict, wholly disregarded both the receipt pleaded by the defendant, and the instrument under which he claimed title to the property in controversy.  But it is not so clear upon what ground they predicated their action ; or that any sufficient ground is disclosed by the evidence in the case to support it. Both instruments appear to have been duly executed and fully proved.  The genuineness of neither was put in issue by the pleadings.  No adequate reason is perceived in the evidence embodied in the record for discarding them.  It is evident from the charge of the Court that both instruments were regarded with suspicion, and it may be justly.  But in respect to the receipt especially, there is nothing in the record from which it may be seen on what account its genuineness was suspected.  The evidence, it is true, discloses facts of a most revolting character—a malignant and unnatural controversy between a father and his children.  With such disclosures as the record contains, and such parties litigant before the Court, it would not be surprising that the judicial mind had been appalled at the revolting spectacle ; that the Court and jury should regard with distrust the evidence by which they proposed to support their pretensions of legal right.  But it is a relief to find nothing in the record to connect with the disgusting controversy in his father's lifetime, the defendant; who at the time was a minor living with his father, and for aught that appears, was acting the part of a dutiful son ; while at least one of his brothers, a plaintiff in this suit, seems to have been very differently disposed.  But with whatever distrust or suspicion, the acts of any of the parties may have been justly regarded, it is not perceived that there was any thing to cast suspicion on the genuineness of the receipt in question.  It was pleaded and relied on by the defendant in bar of the action ; and, if genuine and valid, effectually precluded a recovery on behalf of the parties to it.  Its execution or genuineness not having been questioned by pleading, or put in issue as prescribed by the statute, the defendant was

not required to prove its execution, or adduce other evidence in its support. (Hart. Dig. Art. 741.) It had been pleaded and made profert of more than three years before the trial; and it would seem there had been ample time to controvert, by pleading and evidence, its genuineness, and legal effect. If a forgery, or not the act of the plaintiffs, its genuineness should have been put in issue; or, if obtained by fraud, accident or mistake, or if cancelled, or for any other cause, invalid, the facts by which it was proposed to avoid or invalidate it, should have been pleaded and proved. It could not be treated by the Court or jury as a forgery, or as invalid for any cause, when its validity had not been questioned. Yet without averment or proof, bringing in question the validity of the instrument, it appears to have been discredited by the Court, and disregarded by the jury. The Judge in his charge, gave the jury to understand that they were at liberty to disregard it; and they accordingly did so. This, we think was error for which the judgment must be reversed.

We deem it proper, in view of the evidence before us, to abstain from any further expression of opinion as to the propriety of the ruling of the Court, in reference to the deed or instrument of conveyance under which the defendant claimed. It is averred in the petition that it was not signed, sealed and delivered. But from the context it appears to have been intended only to contest the fact of delivery. And this appears to have been the question contested at the trial. But if the averment was broad enough to let in proof of the non-execution of the instrument, it was unsupported by proof extrinsic of the face of the paper. The appearance of the signatures of the attesting witnesses, with other evidence in the case, unexplained, might, perhaps, warrant the suspicion that their names had not been placed there until after the decease of the donor. If the deed had been delivered to take effect in the lifetime of the donor, the time when the witnesses signed would not be material; or, if there had been satisfactory proof that the instrument was wholly written by the donor, though not

Kelly v. Kelly.

intended to take effect until after his death, as it would not have been necessary to give it effect, that there should be attesting witnesses, the presence of their names, whenever placed there, would not, perhaps, have been material; although they must have signed as witnesses in the presence of the testator. (Hart. Dig. Art. 978.)

The judgment which should be formed as to the genuineness of the deed, or instrument, must, of course, depend much on the character and respectability of the witnesses by whom it was proved. That was a question for the jury, and of which the record does not afford us the means of judging. It might have been, under the circumstances more satisfactory, if there had been proof of the hand-writing of the maker. The facts giving character to the transaction are doubtless susceptible of more satisfactory proof. And as, upon another trial, the parties will probably come better prepared with evidence which may place the question upon this and the other issues in the case in a clear, and possibly very different light from that in which they might be viewed through the evidence in this record, it is deemed proper at present to abstain from their further discussion.

The judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.