## CHURCHILL FULSHEAR v. DAVID RANDON.

In order to bind a party to a written contract, it is not necessary that his signature should appear at the end of it. If he writes his name in any part of the agreement, it may be taken as his signature, provided it was there written for the purpose of giving authenticity to the instrument, and thus operating as a signature.

Where any pleading is founded, in whole or in part, on any writing charged to have been executed by the other party or by his authority, when such writing is produced at the trial, if the name of the party occur in it as a contracting party, as alleged, although his name be not signed as usual at the end thereof, and such party shall not have filed his affidavit denying the execution of any such alleged contract, such writing is admissible in evidence without proof, and, it would seem, binds the party as his admitted contract.

Appeal from Fort Bend. Tried below before the Hon. James H. Bell.

Suit by appellant against appellee, alleging that on the 8th day of November, 1854, the defendant, one M. Ware, and plaintiff, made an agreement in writing whereby each of said parties bound himself to contribute five bales of cotton, of good middling quality, of 500 lbs. each, or in lieu thereof $250, to form a purse to be run for by two year old colts, the distance of one mile, at the track of the plaintiff in the county aforesaid on the 15th day of November, A. D. 1855; and that each of said parties bound himself to forfeit the said five bales of cotton or $250, if he should fail to contend for the purse; that said Ware and plaintiff ran for said purse accordingly, but the defendant failed to run and contend for said purse; that plaintiff won, &c. It was also averred that by reason of the agreement, plaintiff was put to much expense, to-wit: $500, in training his colt, &c. Demurrer to the petition overruled. Verdict and judgment for defendant, Bill of exceptions as fol-

lows: Be it remembered that, when the above case came on for trial, the plaintiff offered to read in evidence the following paper, as the agreement upon which the suit was brought, to-wit: County of Fort Bend, Texas, March 8th, 1854. Know all men by these presents that we, the undersigned, do hereby bind ourselves to contribute five bales of good middling quality of cotton, weighing five hundred pounds each, or, in lieu thereof, two hundred and fifty dollars, for the purpose of forming a purse to be run for by two year old colts, with the advantage of the spring, distance one mile. Said race to be run on the 15th of November, 1855, at the race track of C. Fulshear, in said county ; reserving to ourselves the exclusive privilege of running for said purse, allowing each and every one of us the liberty of naming as many as four colts, with the privilege of running one colt; said colts to be named by the first day of March, 1855. And, in the event of not contending for said purse, we do agree and pledge ourselves to forfeit, to those of us who may contend for said purse, the whole amount of our individual entry.

D. Randon enters b. f. Miriam, and a sorrel filly Jethro.

M. Ware enters b. f. Louisa, raised by R. Foster.

C. Fulshear enters bay colt Thunderbolt, raised by E. Walker, and Lit Thomas, a sorrel colt, and Cruel Usage.

When defendant objected to the reading thereof, which objection was sustained by the Court, and said paper ruled out ; to which opinion of the Court, sustaining said objection, the plaintiff, by his counsel, at the time, excepted and tenders this his bill of exceptions, which he prays may be signed, sealed and made a part of the record, which is accordingly done. It appeared to the Court that the memorandum of an entry of bay filly by Mr. Ware, and the memorandum of entry of bay colt Thunderbolt, and colts Lit Thomas and Cruel Usage, part of the paper above referred to, were in the same handwriting.

*C. W. Buckley*, for appellant. It is immaterial at what

particular place upon the face of an agreement a party signs his name in order to bind himself. (Chitty on Con. 70 ; 13 Mass. R. 87 ; 14 Johns. R. 484 ; 24 Wend. R. 322 ; 26 Id. 341.)

The genuineness of the signatures were not questioned in a manner to require proof of them.

WHEELER, J. In order to bind a party to a written contract or ageeement, it is not necessary that his signature should appear at the end of it. If he writes his name in any part of the agreement, it may be taken as his signature, provided it was there written for the purpose of giving authenticity to the instrument, and thus operating as a signature. (2 Parsons on Con. 287.) In Johnson v. Dodson, (2 M. & W. 653,) where the question was whether there was a signing by the party, within the provision of the Statute of Frauds, Lord Abinger said, " The cases have decided, that, although the signature be in the beginning or middle of the instrument, it is as binding as if at the foot of it ; the question being always open to the jury, whether the party, not having signed it regularly at the foot, meant to be bound by it as it stood ; or whether it was left so unsigned because he refused to complete it. But when it is ascertained that he meant to be bound by it as a complete contract, the Statute is satisfied—there being a note in writing showing the terms of the contract, and recognized by him." (See 12 Johns. R. 102 ; 14 Id. 484 ; 13 Mass. 87.) If the contract was made and delivered by the defendant as his agreement and undertaking, it would bind him ; and it would make no difference that the same person may have written the signatures, if authorized thereunto by the parties. The defendant did not put in issue the making of the contract, so as to put the plaintiff upon proof of its execution. (Hart. Dig. Art. 741.) And it was no objection to the admission of the writing in evidence, that the signatures of the other parties appeared to be in the same hand writing.

We are of opinion therefore that the Court erred in sustaining the defendant's objection to the admission of the evidence ; for which the judgment must be reversed, and the cause remanded.

                                        Reversed and remanded.