## A. MAY & CO. v. ROSS W. POLLARD.

Being sued on a note and an open account, the defendant plead payment and offsets, and set out in his answers a receipt of the plaintiffs for a certain quantity of cotton, describing the receipt as bearing date "October 25, 1854." On production of the receipt in evidence, its date appeared to be "Oct. '54:" *Held*, that the variance in the date was not material, and that the admission of the receipt in evidence could not have operated a surprise on the plaintiffs. (Paschal's Dig., Art. 3444, Note 795.)

The receipt being a written instrument, and its execution by the plaintiffs being charged in the defendant's answer, it was proper to admit it in evidence without proof of its execution, unless plaintiffs had denied its execution by a pleading under oath. (Paschal's Dig., Art. 1443, Note 549.)

Where the plaintiff was a merchant, but the defendant was not a merchant, and the items of his account were not strictly credits given to the plaintiff, but were payments made on his own account, the dealings are not accounts between merchant and merchant, within the meaning of the 1st section of the statute of limitation. (Paschal's Dig., Art. 4604, Note 1019, p, 760.)

APPEAL from Parker. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

In September, 1856, the appellants brought this suit against the appellee on a note for $330 and an open account for $227. A more satisfactory statement of the facts cannot be made within any reasonable compass than that given or indicated in the opinion of this court. After five years' litigation the cause was tried in 1861, and resulted in verdict and judgment for the defendant for $99 36, of which the defendant remitted all except the 36 cents. A motion of the plaintiffs for a new trial was overruled, and they appealed.

*Ferris & Nicholson*, for the appellants.

*Fisk & Norton*, for the appellee.

SMITH, J.—We see no error in the admission in evidence of the receipt dated "Oct., '54," for two thousand five

hundred and seventy-eight pounds of cotton, that day delivered by the defendant to the plaintiffs. It corresponds with the description given of it in the defendant's answer, except as to the day of the month, the answer describing it as dated "October 25, 1854." That variance, we believe, is not sufficient to take the plaintiffs by surprise on its production. They were sufficiently informed of its date and contents to prepare to meet it, if any defense could be made to it.

The receipt was a written instrument, charged in the defendant's answer to have been executed by the plaintiffs, and nothing in the nature of a plea of *non est factum* could be heard against it, unless the plea had been supported by the affidavit in writing of the plaintiffs. Without such a defense to it, supported by affidavit, the receipt must be read in evidence without proof of its execution. There was no such affidavit made, and the objection to it was in the nature of a plea of *non est factum*, and was properly overruled by the court below. (O. & W. Dig., Art. 466; 12 Tex., 279, 492; 18 Id., 279; Paschal's Dig., Art. 1443, Note 549.)

This suit was instituted September 18, 1856, upon a note and a mercantile account beginning February 4, 1853, with the item, "amount account rendered $380 58," and ending December 4, 1854, with one item for a steer, dated March 15, 1856, and with a list of credits or payments extending down to the 28th June, 1855. There are many items of the account in gross, such as "amount of account," or "bill rendered," at different dates, without designating the items that make up these amounts in gross, and the defendant objected to them specially; and we are inclined to the opinion they should have been stricken out, or, if not, evidence should not have been received to support them. Such a practice is certainly contrary to the spirit of the statute, which requires mercantile accounts to be set forth by items, with the date of the delivery of each article. (O.

& W. Dig., Arts. 1336, 1337; 5 Tex., 346; Paschal's Dig., Art. 4612.) This point, however, we do not now decide.

But we are inclined to the opinion, that all the plaintiffs' open account, dated before the 18th September, 1854, is barred by limitation of two years, and, it being plead, the court below should have so instructed the jury. This rule would leave the plaintiffs only $39 68 of their account that, from their own averments, are not barred by limitation. Nor do we believe the exception to the statute in favor of running accounts between merchant and merchant can be applied in this case to save any item of the plaintiffs' account delivered two years before the institution of the suit. It does not appear that the defendant was a merchant, or that he had an open running account against the plaintiffs. He had not credited them within the proper sense of the exception; he had only made payments to them. (11 Tex., 524; Lowe *v.* Dowbarn, Austin term, 1863,) [26 Tex., 507.]

The defendant produced written receipts for cotton, &c., to which the plaintiffs had not replied the bar of the statute of limitation. If they be barred, without such a plea or exception, this defense to them would not be noticed by the court. Considering the nature of the plaintiffs' claim, and the state of the pleadings on both sides, we are not prepared to hold that there was error in the charge of the court to the jury, or in his refusal of instructions asked by the plaintiffs, that would authorize a reversal. The cause has been of long standing, much wrapped in obscurity, and quite complicated, arising from the fault of both parties, perhaps, in not closing up their matters sooner; and the defendant has remitted the amount, less 36 cents, found in his favor by the jury, and we are inclined to the opinion that the justice of the cause is attained as nearly as it could be on another trial. Not perceiving any error in the cause sufficient to reverse it, the judgment is

AFFIRMED.