[Opinion delivered May 31, 1880.]

---

## J. L. FISHER v. O. P. BOWSER.

(Case No. 3319.)

1. LAND — MEMORANDUM OF SALE — STATUTE OF FRAUDS.—"Received of J. L. Fisher twenty dollars gold coin, in part pay for a tract of land (1¼) acres in the town of Dallas, the same tract sold to O. P. Bowser by Sarah H. Moore. Having this day sold the same to said J. L. Fisher for one thousand dollars gold coin.

            "AULT, JENKINS & AULT,
                    "Agents for O. P. BOWSER."

   is, under the statute of frauds, a sufficient memorandum of sale.

2. PLEADING — NON EST FACTUM.— A plea of *non est factum*, not sworn to, only requires, as does a general denial, the production of the instrument declared on, but does not require proof of execution.

3. EVIDENCE — BURDEN OF PROOF.— In the absence of a plea of *non est factum* denying the execution of the instrument sued on, the burden of proving want of authority in the agent making it devolves upon the party denying it.

APPEAL from Dallas. Tried below before the Hon. Jeff. Word, Jr., Special Judge.

April 19, 1872, Fisher brought suit against Bowser to enforce specific performance of a contract; the written memorandum of its terms is as follows:

"Received of J. L. Fisher twenty dollars gold coin, in part pay for a tract of land (1¼) acres in the town of Dallas, the same tract sold to O. P. Bowser by Sarah H. Moore. Having this day sold the same to said J. L. Fisher for one thousand dollars gold coin.

      (Signed)        "AULT, JENKINS & AULT,
   "April 19, 1872.           Agents for O. P. Bowser."

It was alleged that Ault, Jenkins & Ault were authorized to make said contract; tender of the remainder, $980; refusal, and refusal to make deed, were alleged.

A demurrer to the petition was sustained, and on appeal the petition was held good.   41 Tex., 222.

The defendant pleaded general denial; want of authority in the alleged agents; that the instrument was not his act, nor executed by any one authorized.   That he had withdrawn their authority to act; that Fisher knew that defendant had refused to sell at the price which she named; combination between Fisher and the agents to defraud defendant; and that Fisher made the contract for one Randall on speculation, etc.   None of the pleas were verified by affidavits. Exceptions were made to the answer, but were not acted on by the court.

The testimony was conflicting as to the authority of Ault, Jenkins & Ault, and to Fisher's knowledge of the want of authority.

The general charge of the court fairly enough presents the law upon the testimony.

The plaintiff asked the court to instruct the jury:

"That the instrument sued on is *prima facie* evidence of the agency of Ault, Jenkins & Ault, as well as the other facts stated therein; and the burden of proof devolves upon the defendant to show that the said Ault, Jenkins & Ault had no authority to make the said instrument, or to sign the same as his agents.   If this is not done to your satisfaction by the defendant, you will find for the plaintiff."

This was refused.

The jury found for defendant; judgment was rendered upon the verdict.   Plaintiff appealed.

*John M. Stemmons* and *Eblen & Sterrett*, for appellant.

*John J. Good*, for appellee.

A. S. WALKER, J.— There are many errors assigned, consideration of which will not be taken, as they are not likely to arise on another trial.

On the former appeal, it was practically held that the memorandum was sufficient to take the contract out of the statute of frauds, and that the authority might be proven by parol.

The mode of proof of agency, which of necessity devolves on the party asserting the benefit of the act, must be regulated by the rules of practice and pleading in the courts where the rights under it are asserted.

By statute, " no plea of *non est factum* shall be received or admitted, . . . unless the party pleading the same shall make affidavit of the truth thereof." Pas. Dig., 1442.

And 1443: "When any petition, answer or other pleading shall be founded, in whole or in part, on any instrument or note in writing, charged to have been executed by the other party, or by his authority, . . . shall be received as evidence without the necessity of proving its execution," "unless the party by whom, or by whose authority, such instrument or note in writing is charged to have been executed, shall file his affidavit, in writing, denying the execution thereof," etc.

These statutes have no ambiguity in language used, and the courts have applied them as written. A plea of *non est factum* not sworn to requires, as does a general denial, the production of the instrument declared on. As to imposing upon the party pleading such instrument the burden of proving its execution, or his cause of action stated therein, it is a nullity. It may, if not excepted to, perhaps, form the basis of allowing the defendant the right to introduce his testimony, with the burden against him. Williams *v.* Bailes, 9 Tex., 64; Drew *v.* Harrison, 12 Tex., 282.

The instrument in this case having been pleaded as the foundation of plaintiff's action was admissible in evidence — evidence of all its contents and of what it purported to be. That exceptions to the answer were not urged for its want of verification did not cure its defects. It was the duty of defendant to perfect his plea to obtain the full benefit of the plea. The court was required to apply to the pleadings the law, whenever invoked; the law applied to the case when ruling upon it.

In this case all the testimony of the defendant was admitted as if the pleadings were good, and the court was asked to charge the jury upon the legal effect of the written instrument sued on in the state of the case when it went to the jury. This the plaintiff was entitled to, and its refusal was error.

It is held that, under the statute, it devolved upon the defendant to deny the execution of the paper or of the authority of Ault, Jenkins & Ault to bind him; otherwise, at least, the burden of proving want of authority would lie upon him, upon the introduction of the instrument.

For error in refusing the charges asked by plaintiff, the judgment should be reversed.

REVERSED AND REMANDED.