BEN LONGLEY ET AL. v. W. S. CARUTHERS.

(Case No. 5548.)

1. EVIDENCE — VARIANCE. — Suit was brought on a contract, which on its face purported to have been executed "this 24th, 1880." The written contract was attached to the petition, and to it appeared the name of one subscribing witness. The petition alleged that the contract was reduced to writing on the 24th day of January, 1880. *Held:*

(1) There being no plea of *non est factum*, and the date of the execution of the instrument having been alleged, it was unnecessary to offer parol evidence of its date.

(2) In the face of such allegation, there could be no variance between the allegation and the proof.

(3) The variance claimed could not be material, and evidence of the true date of the contract could not have operated as a surprise.

(4) The contract, being one the parties could enter into, was good without date.

(5) An instrument which is sued upon, if made a part of a petition, and filed with it for the inspection of the defendant, controls and cures any misdescription of it in the body of the petition.

APPEAL from Burnet.  Tried below before the Hon. J. C. Mathews, Special Judge.

Suit was brought by Caruthers on a written contract with the defendant for the delivery of cattle.  The contract was dated "this 24th, 1880," and was attached to the petition and filed with it. Exceptions were taken to evidence, furnished by another than the subscribing witness, to show the date of its execution, and also to its introduction in evidence on the ground of an alleged variance between the contract offered and the allegations in the petition.

*A. S. Fisher* and *Ward & Hammond*, for appellants.  (No brief for appellants on file.)

*D. W. Doom* and *S. A. Posey*, for appellee, on variance, cited: Spencer v. McCarty, 46 Tex., 213; Pyron v. Grinder, 25 Tex. Sup., 159; Greenwood v. Anderson, 8 Tex., 225; Peters v. Crittenden, 8 Tex., 131.

WILLIE, CHIEF JUSTICE.— The instrument sued on having been attached to the petition as an exhibit, there could be no variance between the allegation and the proof when it was offered in evidence.  "This is upon the ground that the instrument thus made a part of the petition, and filed with it for the inspection of the defendant, must control and cure any misdescription of it in the body of the petition."  Pyron v. Grinder, 25 Tex. Sup., 159; Spencer v. McCarty, 46 Tex., 213.

Besides, the variance claimed was not material, and the admission of the contract could not have operated a surprise on the defendants. May v. Pollard, 28 Tex., 677.

As there was no plea of *non est factum* filed by the defendants, the contract was admissible in evidence without proof of its execution.  There was no necessity for the introduction of proof to show the date when it was executed, that fact having been charged to have occurred on a certain day, and this not having been denied under oath by the defendants.  Besides, no date was essential to the instrument, as it was good without one, or with the defective date which it seemed to bear.  Bish. on Con., § 19.

Proof on this point was therefore superfluous, and its admission operated no injury to the defendant, and it is therefore unnecessary to consider whether or not it was admissible.  See May v. Pollard, *supra*.

There is no error in the judgment and it is affirmed

AFFIRMED.

[Opinion delivered May 26, 1885.]