STATE NATIONAL BANK OF EL PASO v. CHARLES STEWART.

Decided May 31, 1905.

1.—Non Est Factum—Bank Check Pleaded by Defendant—Denial by Plaintiff—Forgery.

Where a bank, sued for money deposited with it, plead in defense the payment by it of a check drawn for the money and signed by the plaintiff, the latter could not introduce evidence to show that the check was a forgery in the absence of a sworn plea denying the execution of the check by him or by his authority. Rev. Stats., arts. 1192, 1193, 1265, 2318, construed.

2.—Same—Receipt.

The statutory provision (Rev. Stats., art. 1193) that "it shall not be necessary for the plaintiff to deny any special matter of defense plead by defendant, but the same shall be regarded as denied unless expressly admitted," does not, in view of the other provisions of the statute, obviate the necessity of plaintiff's denying under oath the execution of a written instrument pleaded by the defendant and charged to have been executed by plaintiff, and that such instrument is a bank check and in the nature merely of a receipt, does not affect the matter.

3.—Same—Evidence of Forgery in Rebuttal.

It would seem that the fact that defendant may have first introduced evidence of the genuineness of the signature to the check would not give plaintiff the right, by evidence in rebuttal, to show, without any plea of non est factum, that it was a forgery—but the point is not definitely determined.

Appeal from the District Court of El Paso. Tried below before Hon. J. M. Goggin.

Beall & Kemp, for appellant.—Evidence showing the check to be a forgery was not admissible in the absence of a sworn plea denying its execution by plaintiff. Rev. Stats., arts. 2318, 1192; May v. Pollard, 28 Texas, 678; Hendricks v. Cameron, 2 Will., sec. 351; International & G. N. Ry. Co. v. Tisdale, 74 Texas, 16; City Water Works v. White, 61 Texas, 537.

Sam B. Gillett, for appellee.—1. Defendant's special plea was nothing more than a plea of payment, new matter, and, under the statute, was denied, unless expressly admitted. Rev. Stats., art. 1193; Fagan v. McWhirter, 71 Texas, 567; T. E. & C. Co. v. Mitchell, 78 Texas, 64; Hendrix v. Leopold, 4 Willson, sec. 301; McKinney v. Nunn, 82 Texas, 44.

2. The check meantioned in said plea was nothing more than a receipt, and parol testimony was admissible to contradict it. Brown v. Dennis, 30 S. W. Rep., 272, and cases cited; Hendrix v. Leopold, supra.

3. The court committed no error in permitting plaintiff and his witnesses to testify as to the genuineness or forgery of plaintiff's signature to the check, because all the evidence produced by plaintiff touching that question was on rebuttal of defendant's witnesses, who testified, on direct examination by defendant, that the signature to said check was genuine; the defendant having gone into that question voluntarily, plaintiff was entitled to rebut the same without having replied to de-

fendant's special plea. Markham v. Carothers, 47 Texas, 27; Wade v. Love, 69 Texas, 222-225; Meyer v. Opperman, 76 Texas, 105; Medline v. Wilkens, 1 Texas Civ. App., 465; Underhill on Evidence, sec. 374, pp. 552-3, and citations; Scattergood v. Wood, 79 N. Y., 263; Brown v. Perkins, 1 Allen, 89; Sherfey v. Evansville Ry. Co., 23 N. E. Rep., 273; Ingram v. Wagernagal, 48 N. W. Rep., 998; Dodge v. Kiene, 28 Neb., 216; Havis v. Taylor, 13 Ala., 324; Stevenson v. Gunning's Estate, 25 Atl. Rep., 697; Paul v. Chenault, 59 S. W. Rep., 579; St. Louis Ry. Co. v. Stonicypher, 63 S. W. Rep., 946.

NEILL, ASSOCIATE JUSTICE.—Charles Stewart brought this suit against the State National Bank to recover the sum of $740, an alleged balance of certain deposits made by him with the bank.

The defendant answered that all sums at any time deposited with it by plaintiff had been duly paid to him or to his order, on his checks or drafts, and that defendant owed him nothing when this suit was instituted. The defendant, then specifically plead "that the sum of $740 sued for was paid to plaintiff, or to his order, on or about the 15th day of February, 1904, on a check or draft in writing dated January 28, 1904, drawn or executed by plaintiff, or purporting to have been drawn or executed by him, in favor of one R. W. Bradley on defendant, which draft or check was received and paid by defendant in regular and usual course of business and without notice of any infirmity or invalidity." No pleading in any way denying the execution of the check or drafts, specially plead by defendant, was filed by the plaintiff.

The case was tried before a jury, and the trial resulted in a judgment in favor of plaintiff for the amount sued for.

The deposits with the bank were proven as alleged by plaintiff, and it was shown that the check or draft for $740 described in defendant's answer, was presented to and paid by the defendant, and that its payment exhausted plaintiff's deposit. Hence, the principal issue in the case was whether such check or draft was executed by plaintiff or by his authority; or in other words, whether such instrument was a forgery. Upon this issue, after the instrument was introduced in evidence by the defendant, plaintiff introduced evidence tending to show that it was a forgery, and defendant then introduced testimony tending to show that it was genuine. And, after the introduction of such evidence *pro* and *con,* the issue was submitted by the court to the jury.

The contention of defendant is that inasmuch as plaintiff failed to deny under oath that such check or draft was executed by him or by his authority, the court erred in permitting him, after defendant had offered such instrument in evidence, to introduce testimony tending to show that it was a forgery, and in refusing to instruct the jury at defendant's request that "plaintiff, not having denied under oath the execution by his authority of the check for $740, dated January 28, 1904, and offered in evidence, to find for the defendant."

By article 2318, Revised Statutes, it is provided that "when any petition, answer, or other pleading shall be founded, in whole or in part, on any instrument or note in writing, charged to have been executed by the other party or by his authority, and not alleged therein to be lost or destroyed, such instrument or note in writing shall be re-

ceived as evidence without the necessity of proving its executon, unless the party by whom or by whose authority such instrument or note in writing is charged to have been executed, shall file his affidavit in writing denying the execution thereof."

By article 1192 it is provided that, "when the defendant sets up a counter claim against the plaintiff, the plaintiff may plead thereto under the rules prescribed for the pleadings of defensive matter by the defendant so far as the same may be applicable; and, whenever under such rules the defendant is required to plead any matter of defense under oath, the plaintiff shall in like manner be required to plead such matters under oath, when relied on by him."

Article 1265, section 8, Revised Statutes, requires an answer to be made under oath when it contains a denial by the pleader "of the execution by himself or by his authority of any instrument in writing upon which any pleading is founded in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed."

Article 3318, Revised Statutes of 1895, is identical with article 466, Oldham and White's Digest. In May v. Pollard, 28 Texas, 678, the defendant, being sued on a note and open account, charged in his answer that plaintiff had executed to him in writing a certain receipt for 2,578 pounds of cotton delivered by defendant to plaintiff on the day the receipt was dated. The court held that "the receipt was a written instrument charged in defendant's answer to have beeen executed by the plaintiff, and nothing in the nature of a plea of *non est factum* could be heard against it unless the plea had been supported by the affidavit in writing of plaintiffs. Without such a defense to it, supported by affidavit, the receipt must be read in evidence without proof of its execution. There was no such affidavit made, and the objection to it was in the nature of a plea of *non est factum,* and was properly overruled by the court below." Citing O. & W. Dig., art. 466; 12 Texas, 279, 492; 18 Id., 279.

Hendricks v. Cameron, 2 Willson, sec. 351, is a case where Cameron sued Hendricks and Etchison as partners on a note for $134.50. Hendricks plead payment of the note in full, setting out in his answer two receipts in writing which he alleged had been executed by authorized agents of Cameron. Upon the trial Cameron was permitted, over objections of Hendricks, to introduce evidence to show that the receipts were not executed by his authority. Upon appeal from a judgment in favor of Cameron it was held by the Court of Appeals that the trial court erred in admitting evidence, objected to by the defendant, impunging the receipts upon which his plea of payment was founded, and that such evidence would only be admissible under a written pleading verified by affidavit.

These cases are directly in point, and, though it be considered that as between plaintiff and the bank the check plead in the latter's answer is in the nature merely of a receipt, seem to us conclusive of the correctness of appellant's contention. It can not be doubted that appellant's answer is founded on an instrument in writing charged to have been executed by appellee or by his authority; and if there were any doubt as to whether, on account of the check being in the nature

of a receipt as between the parties, the answer was such as is contemplated by article 2318, Revised Statutes, such doubt is dispelled by the opinions referred to.

The record does not support appellee's contention that the appellant introduced evidence of the genuineness of the check before he introduced the testimony tending to show it was a forgery. Therefore it is not necessary for us to pass upon appellee's proposition that, inasmuch as evidence was first introduced by appellant to prove the genuineness of the check, he had the right to introduce in rebuttal evidence to prove that it was a forgery. But we will remark that we are not able just now to detect any strength in the proposition, conceding that the hypothesis upon which it is based was established.

Article 1193, Revised Statutes, which provides that "it shall not be necessary for the plaintiff to deny any special matter of defense plead by defendant, but the same shall be regarded as denied unless expressly admitted" does not, when the special matter of defense plead is founded in whole or in part on an instrument in writing charge to have been executed by the other party, obviate the necessity of the plaintiff's denying under oath that such written instrument was executed by him or by his authority.

On account of the errors indicated, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*