### CITY NAT. BANK OF COMMERCE v. FARRINGTON. (No. 9973.)

(Court of Civil Appeals of Texas. Fort Worth. May 6, 1922.)

**1. Banks and banking** ⟝154(6)—**Burden of proving payment of deposit held on bank.**

Where defendant bank in an action to recover an alleged balance of a deposit specially pleaded that plaintiff drew a check for the amount which was paid by authority and upon identification of the payee by plaintiff, the burden was on defendant to prove such payment.

**2. Pleading** ⟝291(2)—**Evidence denying execution of a check held inadmissible where execution was not denied under oath.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3710, dispensing with proof of execution of instrument or note in writing made the basis of a pleading, unless its execution is denied by affidavit, where defendant bank in an action to recover an alleged balance of a deposit specially pleaded that plaintiff drew a check for the amount which was paid by authority and upon identification of the payee by plaintiff, which allegation plaintiff did not deny under oath, evidence by plaintiff impeaching the check was inadmissible.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by Lillie Farrington against the City National Bank of Commerce. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellant.

Hunt & Scott and W. O. Scott, all of Wichita Falls, for appellee.

CONNER, C. J. The appellee instituted this suit against the appellant, City National Bank of Commerce, alleging, in substance, that between December 23, 1919, and February 18, 1920, she made deposits with the defendant bank totaling $6,182, and that between said December 23, 1919, and March 26, 1920, she drew out and received from said bank on various checks sums aggregating $5,682, leaving a balance due her thereon of $500, for which she sought recovery. An itemized statement of the several deposits and withdrawals alleged by her was attached as an exhibit to her petition and duly verified.

The defendant answered by a general demurrer, a general denial, and admitted several deposits and withdrawals as alleged by the plaintiff, but further pleaded specially:

"That on January 30, 1920, the plaintiff drew her check on said bank in the sum of $500 payable to L. E. Smith, and the same was presented in due course by the said L. E. Smith after being indorsed by him on the back thereof, and at the special instance and request by the authority and upon the identification of the said L. E. Smith by the plaintiff herein said check for $500 was paid, which exhausted plaintiff's account, and the defendant does not now have any funds of plaintiff in its hands, but insists that her entire deposit has been exhausted by checks duly presented by her and with her authority, and defendant now owes her nothing; that the said item of $500 sued for by the plaintiff is unjust, and not due."

To this special plea plaintiff filed no reply. The case was submitted to a jury upon the following issues:

(1) "Find whether or not the $500 check in evidence bears the genuine signature of Mrs. Lillie Farrington?"

(2) "Find whether at the time said check was cashed the said Mrs. Lillie Farrington was present and identified the payee in said check?"

[1] In this connection the court charged the jury that:

"The burden of proof is upon the defendant to establish affirmatively the above and foregoing special issues and unless it has done so you will answer in favor of the plaintiff."

The jury answered both issues in the negative, and thereupon the court entered judgment in the plaintiff's favor in the sum of $500, together with 6 per cent. interest from the 30th day of January, 1920. From this judgment the defendant has duly appealed.

But two material questions are presented. The first is: Did the court properly place upon the defendant the burden of proving the defensive matter set up in his special plea that we have quoted? and, second, whether the evidence, in behalf of plaintiff to the effect that she did not sign the check to L. E. Smith described in the answer and that she did not identify Smith at the time of the payment of the check as alleged by the defendant was admissible in the absence of

a plea on her part in reply to the special answer of the defendant.

The rule that the burden of proof is generally upon the plaintiff to establish every material fact alleged by him and that such burden never shifts is too well established to require the citation of authorities. In this case among the allegations necessary for proof on the part of the plaintiff was the allegation that the balance of $500 for which she sought recovery had never been paid, and the court's charge placing the burden upon the defendant to prove this fact is in apparent opposition to the general rule stated. But on this subject it is stated by the author of the Blue Book on Evidence, vol. 2, § 180, p. 22, that:

"It is reasonable that the one who asserts a fact necessary to the claim or defense should prove such fact; and in the great majority of cases it will be found that the fact to be proved is a proposition affirmative in form. But it is well settled that whoever asserts a claim or a defense which depends upon a negative must, as in other cases, establish the truth of the allegation by a preponderance of evidence."

The author then gives numerous examples in illustration of the rule as stated, among which is one relating to actions of debt. As to this he says:

"In actions of debt, if the plaintiff proves the existence of the debt sued upon, the burden of establishing its payment is on the defendant, although in his complaint it was necessary for the plaintiff to allege nonpayment."

See Melone v. Ruffino, 129 Cal. 514, 62 Pac. 93, 79 Am. St. Rep. 127.

In the case of Cherry v. Butler (Tex. Sup.) 17 S. W. 1090, it is held:

"Where defendant admits that a debt" upon which a suit is brought "is correct, but claims that it has been paid by him, the burden of proof is upon him to establish these facts."

The case of Banister v. Wallace, 14 Tex. Civ. App. 452, 37 S. W. 250, holds as follows:

"In an action of debt on an obligation to pay a given sum of money at a specified time, the burden is on the defendant to prove payment."

The following is held in the case of Tinsley v. McIlhenny, 30 Tex. Civ. App. 352, 70 S. W. 793:

"Defendants, contracting to pay a note of plaintiffs, when sued for their failure to pay, held to have the burden of proving the credits to which the note was entitled."

In the case of Eastham v. Patty & Brockinton, 37 Tex. Civ. App. 336, 83 S. W. 885, it was held:

"Defendants having pleaded payment, the burden is on them to show that a particular payment should have been applied to the note sued on."

The case of Hutton v. Pederson (Tex. Civ. App.) 153 S. W. 176, holds as follows:

243 S.W.—35

"The maker of a note secured by a deed of trust on real estate suing to enjoin a sale under the deed of trust had the burden of showing payment either by direct or circumstantial evidence."

The following is held in the case of Brunson v. Dawson (Tex. Civ. App.) 175 S. W. 438:

"Burden of proving payment of note sued on held on defendant."

We are of opinion, therefore, that the court properly placed the burden of proof upon the defendant. This is particularly true in view of the affirmative character of its special answer.

[2] We have concluded, however, that the court was in error in admitting appellee's testimony tending to impeach the check declared upon in appellant's answer. Article 3710, V. S. Tex. Civ. Statutes, in so far as necessary to quote, reads as follows:

"When any petition, answer, or other pleading shall be founded, in whole or in part, on any instrument or note in writing, charged to have been executed by the other party or by his authority, and not alleged therein to be lost or destroyed, such instrument or note in writing shall be received as evidence without the necessity of proving its execution, unless the party by whom or by whose authority such instrument or note in writing is charged to have been executed shall file his affidavit in writing denying the execution thereof; and the like rule shall prevail in all suits against indorsers and sureties upon any note or instrument in writing."

The case of State National Bank of El Paso v. Stewart, 39 Tex. Civ. App. 620, 88 S. W. 295, is one in which Stewart brought suit against the bank to recover the sum of $740 as an alleged balance of certain deposits made by him with the bank. The defendant answered that all sums at any time deposited with it by the plaintiff had been paid to him on his checks or drafts, and that the plaintiff's account had been exhausted. The defendant further specially pleaded that the sum of $740 sued for was paid to the plaintiff or his order on or about February 15, 1904, on a check or draft in writing, dated January 28, 1904, drawn or executed by the plaintiff or purporting to have been drawn or executed by him in favor of one Bradley, which check or draft was received and paid in due course and without notice of any infirmity. No pleading in any way denying the execution of the check or draft specially pleaded by the defendant was filed by the plaintiff. The case was tried before a jury and resulted in favor of the plaintiff for the amount sued for. The defendant contended that, since the plaintiff failed to deny under oath that the check or draft was executed by him or his authority, the court erred in permitting him, after it had offered such instrument in evi-

dence, to introduce testimony showing or tending to show a forgery, and in refusing to instruct the jury, at defendant's request, that plaintiff not having denied under oath the execution by his authority of the $740 check offered in evidence, to find for the defendant. In disposing of the question, the court, among other things, said:

"It cannot be doubted that appellant's answer is founded on an instrument in writing charged to have been executed by appellee or by his authority, and if there were any doubt as to whether, on account of the check being in the nature of a receipt, as between the parties, the answer was such as is contemplated by article 2318, Rev. St. 1895, such doubt is dispelled by the opinions referred to."

The judgment in favor of Stewart was accordingly reversed, and the cause remanded.

The case of May & Co. v. Pollard, 28 Tex. 678, was one in which the defendant specially pleaded a receipt as a discharge, in part, of the cause of action declared upon by the plaintiff. In reference to the effect of the receipt as evidence in the absence of a plea impeaching its validity, the court said:

"The receipt was a written instrument, charged in the defendant's answer to have been executed by the plaintiffs, and nothing in the nature of a plea of non est factum could be heard against it, unless the plea had been supported by the affidavit in writing of the plaintiffs. Without such a defense to it, supported by affidavit, the receipt must be read in evidence without proof of its execution. There was no such affidavit made, and the objection to it was in the nature of a plea of non est factum, and was properly overruled by the court below."

See Drew v. Harrison, 12 Tex. 279; Kelly v. Kelly, 12 Tex. 452; Fulshear v. Randon, 18 Tex. 275, 70 Am. Dec. 281; Smith v. Smith (Tex. Civ. App.) 200 S. W. 546.

It is true several of the bills of exception taken by the defendant at the time of the admission of the evidence was qualified by the trial judge by stating that the objections offered were that the testimony—

"was irrelevant and immaterial and not supported by any pleadings of the plaintiff, and at no time was it stated by defendant's counsel that he objected to the introduction of the above testimony on the ground that the genuineness of said check was denied under oath. Whereupon the court reviewed the pleadings and saw that the check was not denied under oath but held that the same was not necessary and overruled defendant's objection, and at no time during the trial was the phrase 'denied under oath' to the genuineness of said check used."

The qualification, however, further adds:

"The court understood, however, that the objection was directed at the failure of plain-tiff to deny the validity or genuineness of the check under oath."

We are of opinion that the qualification is not sufficient to adversely affect the question presented by the bills of exceptions.

The case of State National Bank of El Paso v. Stewart, supra, is very closely in point here, and on the authority of that case and of the other cases cited, we conclude that the court improperly permitted, over defendant's objections, appellee's evidence denying that she had executed the check specially pleaded by the defendant and denying that she had identified the payee named in the check at the time of its payment and all other evidence tending to impeach the check in question, and for such error the judgment must be reversed, and the cause remanded.

Reversed and remanded.