## OLIVER FARM EQUIPMENT SALES CO. v. FRENCH.

### No. 1700.

Court of Civil Appeals of Texas. Waco.

Feb. 13, 1936.

Rehearing Denied March 12, 1936.

Burgess, Chrestmen & Brundidge, of Dallas, and Bradley & Bradley, of Groesbeck, for appellant.

L. W. Shepperd, of Groesbeck, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, Lewis French, against appellant, Oliver Farm Equipment Sales Company, to recover damages for the alleged wrongful seizure of a certain farm tractor and equipment under a contract provision for repossession thereof contained in a chattel mortgage. Appellee alleged that in the year 1930, he purchased from a dealer in Mart, Tex., the tractor and equipment involved herein for the sum of $1,460; that he paid cash therefor the sum of $1,250 and executed and delivered his note, due October 15, 1932, for the remainder of the purchase price in the sum of $210, which note was transferred by the dealer to appellant; that about thirty days before the maturity of said note he advised appellant that he would be unable to pay the same at that time; and that appellant agreed to extend the note for one year, and that he relied on said agreement. He further alleged that notwithstanding said agreement, appellant, acting by its agents, servants, and employees, on or about February 23, 1933, appeared at his home on the farm he was occupying at the time and demanded possession of said tractor and equipment, and that such demand was refused; that notwithstanding such refusal, said parties, acting for appellant, during his temporary absence from the scene, loaded said machinery onto a truck and drove away with the same; and that he was damaged by such wrongful act in the sum of $1,000.

Appellant pleaded its ownership of said note and the terms of the chattel mortgage securing the same, including the provision for repossession contained therein, as justification and authority for such seizure. It did not attempt to account for said property by showing any disposition thereof as authorized by the terms of the mortgage. Appellant further pleaded that appellee voluntarily surrendered possession of such machinery in consideration of the satisfaction and discharge of his indebtedness evidenced by said note, and signed and delivered a written bill of sale conveying the same to appellant for such consideration, and that it thereafter mailed to appellee his

said note and a formal release of said mortgage. Appellant also assailed the agreement for extension of said note pleaded by appellee, on the ground that there was no consideration for such extension. Appellee did not file any reply to appellant's answer.

A trial before the court without a jury resulted in a judgment for appellee for damages in the sum of $300. The court, at the request of appellant, filed findings of fact and conclusions of law, and included therein findings, in substance, that appellee had not surrendered possession of said machinery voluntarily, but that same was taken without his consent, and that he did not sign the bill of sale to said machinery as alleged by appellant.

### Opinion.

Appellant, by appropriate assignments of error, assails the finding that appellee did not sign a bill of sale conveying said property to it. The gist of its contention is that said bill of sale constituted a complete defense to the cause of action alleged by appellee; that it had specifically pleaded the execution and delivery thereof by appellee; that such allegations could be put in issue only by a denial of the execution thereof under oath by appellee; and that absent such denial there was no basis for said finding. Notwithstanding the absence of a plea of non est factum by appellee, appellant introduced affirmative testimony that he did in fact sign said bill of sale. Appellee did not directly deny the execution of said instrument, but testified to circumstances inconsistent with such signing, and introduced further testimony tending to rebut the testimony of appellant's witnesses on that issue. Article 3734 of our Revised Statutes provides, in substance, that when any petition, answer, or other pleading shall be founded in whole or in part upon any instrument or note in writing charged to have been executed by the other party or by his authority, such instrument shall be received in evidence without the necessity of proving its execution unless the party by whom or by whose authority such instrument is charged to have been executed shall file his affidavit denying the execution thereof. Article 2010 of such statutes provides, among other things, in substance, that an answer by the defendant, denying the execution by himself or by his authority of any instrument in writing upon which any pleading is founded in whole or in part and charged to have been executed by him or his authority, shall be verified by affidavit. Our courts have frequently held that an unverified plea of non est factum is a nullity where the instrument relied on is charged to have been executed by the party against whom it is pleaded. The rule applicable in such cases is clearly and aptly expressed by Judge Speer in Thomason v. Berry (Tex.Com.App.) 276 S. W. 185, 186, pars. 1 and 2. The issues of fact in that case had been submitted to a jury, but the principle is equally applicable in cases tried by the court. We quote from the opinion as follows: "The answer of these defendants was in effect a plea of non. est factum, but, as stated, lacked the verification required by statute. It would seem. that in this state of the pleadings the trial court was not authorized to hear evidence or to submit any issue tending to excuse the defendants Berry and Henson from individual liability. In Drew v. Harrison, 12 Tex. 279, it is clearly held that a plea of non est factum not verified under the statute is a nullity, and it is not necessary to except to it. The reason given for the rule is that such a plea destroys the plaintiff's. prima facie case made by statute, and casts. upon him the burden of introducing proof other than the instrument itself to support. his cause of action." See, also, Drew v. Harrison, 12 Tex. 279, par. 2; Kelly v. Kelly, 12 Tex. 452, par. 1; Fulshear v. Randon, 18 Tex. 275, par. 2, 70 Am.Dec. 281; May v. Pollard, 28 Tex. 677, par. 2; City Nat. Bank of Commerce v. Farrington (Tex.Civ.App.) 243 S.W. 544, 545, par. 2; Mooneyham v. Cornick (Tex.Civ.App.) 294 S.W. 894, 898 (second column); Smith v. Smith (Tex.Civ.App.) 200 S.W. 540, 546, pars. 1 to 3, inclusive; Pullman Palace-Car Co. v. Booth (Tex.Civ.App.) 28 S.W. 719, par. 9; Dale Oil & Refining Co. v. City of Tulia (Tex.Civ.App.) 25 S.W.(2d) 671, 673, par. 1; James McCord Co. v. Citizens' Hotel Co. (Tex.Civ.App.) 287 S.W. 906, 910, par. 4. While said article 2010, and most if not all of the cases just cited, have reference to a denial of the execution of an instrument in writing declared upon by the plaintiff in his petition, the rule is the same when the defendant pleads a written instrument which he charges was executed by the plaintiff and upon which he relies as a defense. Revised Statutes, art. 2004; Western Union Tel. Co. v. Douglass, 104 Tex. 66, par. 2, 133 S.W. 877; State Nat. Bank of El Paso v. Stewart, 39 Tex.Civ. App. 620, 88 S.W. 295, par. 2. The finding assailed is without support in the pleadings,

.and appellant's complaint thereof must be sustained.

 Appellant presents an assignment in which it contends that appellee's allegation, that the note sued on herein was by verbal agreement extended for one year from its maturity, fails to show any consideration. for such extension. When a debt bears interest either by convention or operation of law, the effect of an agreement by the parties thereto for an extension for a definite time is that the creditor is bound to forbear suit during the time of the extension, and that the debtor is bound to forbear to discharge his debt and thereby stop the accrual of interest before the time agreed upon. The accrual of interest in such cases is a sufficient consideration for the promise of forbearance in bringing suit. Ward v. Scarborough (Tex.Com.App.) 236 S.W. 434, -437, par. 3, and authorities there cited.

Appellant's other assignments of error complain of matters which will not necessarily arise in the same way, if at all, upon another trial.

The judgment is reversed, and the cause remanded.