E. W. Bentz, J. T. Groves, M. W. Levy and
R. L. Sullivan v. The State.

No. 18063.   Delivered April 29, 1936.
Rehearing Denied June 17, 1936.

The opinion states the case.

*J. Frank Wilson,* of Dallas, for appellant *R. L. Sullivan.*

*George W. James* and *W. F. Bane,* both of Dallas, for other appellants.

*Judge Gambill,* Co. Atty., and *Speer & Minor,* Sp. Counsel, all of Denton, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

CHRISTIAN, JUDGE.—This is an appeal from a judgment forfeiting an appearance bond.

Appellant E. W. Bentz was charged by complaint in the justice court with the offense of robbery with firearms.   On

the 2nd day of December, 1932, after a hearing, the justice of the peace granted bail in the sum of $15,000, conditioned that appellant would make his personal appearance before the District Court of Denton County, Texas. On the same date Bentz, as principal, and appellants J. T. Groves, M. W. Levy and R. L. Sullivan, as sureties, executed an appearance bond in the sum mentioned, and Bentz was released from custody. Thereafter an indictment was returned in the District Court of Denton County charging Bentz with the offense of robbery with firearms. He failed to appear and answer, and judgment nisi was duly entered forfeiting said bond. On the 12th of July, 1933, at a regular term of the court, upon motion of the county attorney, the judgment nisi was amended to embrace an averment showing the true date of the execution of said bond. Proper notice was given of the pendency of the motion to amend, and scire facias was duly issued after the judgment nisi had been amended as aforesaid. Appellants Groves, Levy and Sullivan appeared and filed answers. After hearing evidence the court entered final judgment against the appellants.

The bond introduced in evidence was dated November 12, 1932, which was prior to the date the complaint was filed. Appellants contend that the court was without authority to amend the judgment nisi to show said bond was executed on the 2nd of December, 1932, after the complaint had been filed. With this contention we are unable to agree. From 13 Cor. Jur. 759, the following is taken:

"A contract is presumed to have been executed on the day of its date, but this presumption is overcome by a showing that it was executed on a different date."

In support of the text Warner v. Warner, 235 Ill., 448, 85 N. E., 630, is cited.

From 17 Tex. Jur., 827, we quote the following:

"Extrinsic evidence is admissible to prove the date of an undated instrument, or to show the true date of a document regardless of any statement of date contained in the writing— as, for example, that notices of sale were issued on the day preceding their date."

In support of the text Dunn v. Taylor, 107 S. W., 952, and Pacific Mutual Insurance Company v. Shaffer, 70 S. W., 566, are cited. See, also, San Antonio Brewing Association v. Abbott Oil Company, 129 S. W., 373; Halfin v. Winkleman et al., 83 Texas, 165; Longley et al. v. W. S. Caruthers, 64 Texas, 287. In Mosley v. State, 38 S. W., 800, this court said:

"If there is a mistake in the date of the bond, this can be explained by proper allegations in the scire facias, and parol proof can be received to correct such mistakes."

It has already been observed that the judgment nisi was corrected to explain that the bond was actually executed on the 2nd of December, 1932. Proper scire facias was issued after the entry of the amended judgment nisi. The proof on the part of the State, as well as the testimony of the appellants, was to the effect that the date the bond bore was not the date upon which it had been executed. In short, the proof showed that said bond was in fact executed on the 2nd of December, 1932, as alleged in the amended judgment nisi.

In his answer, appellant Sullivan averred, in substance, that after he signed and executed said bond as a surety, and before the delivery and filing thereof, he "erased and scratched his name therefrom." Appellants Groves and Levy, in their answers, averred that Sullivan erased his name from said bond without their knowledge or consent and that therefore same was not a valid and binding undertaking on their part.

A photostatic copy of the bond is brought forward in the statement of facts. It discloses a thin line through the name of Sullivan. The conclusion is warranted that one observing the signature would not have taken said line to represent an effort on the part of Sullivan to eliminate his name from the bond. The sheriff to whom he delivered the bond testified that Sullivan did not state to him that he had scratched his name off. In short, he did not tell the sheriff that he would not become a surety on said bond. The proof showed that shortly before Sullivan delivered the bond to the sheriff, Levy and Groves had refused to sign as sureties unless he (Sullivan) also signed. Pursuant to said agreement, said three parties signed the bond as sureties. Sullivan admitted that this was the agreement, and that pursuant thereto he had signed the bond. He testified, however, that prior to the delivery of the bond he scratched his name off, and advised the sheriff that he had done so for the purpose of relieving himself as a surety. The sheriff testified that Sullivan was present when appellant Bentz was released from custody under said bond. Groves and Levy were not present. Prior to the release of Bentz they were not advised by Sullivan that he had withdrawn as surety.

Under the circumstances reflected by the record, we are constrained to hold that the trial court was warranted in con-

cluding that appellant Sullivan was not relieved from liability. It follows that appellants Levy and Groves are also liable.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant Sullivan moves for rehearing. We have examined his motion and reviewed the authorities cited. This case was correctly decided. Appellant with two other bondsmen signed a bond for $15,000.00 to secure release from custody of one Bentz, who had been bound over to await the action of the grand jury. After the other bondsmen had signed the bond and left the city of Denton, where the matter was in progress, and without their knowledge, as appears from this record,—appellant claims to have erased his name from said bond. The sheriff and a deputy sheriff testified that they saw appellant sign said bond. Appellant admitted having signed it, but testified on this trial that after his fellow-bondsmen had gone he told the sheriff he was going to take his name off the bond, and that he did so by drawing a line through his name. Appellant would have had a right to erase his name or withdraw it from the bond, but this would have destroyed the efficacy of the bond for the purpose intended, and released appellant's co-sureties from liability. As a matter of fact they testified that appellant informed them later they need not be worried, as he had taken his name off the bond. This was in Dallas some time after the principal in the bond mentioned had been released, had failed to appear at the time specified in the bond, and it had been forfeited.

The sheriff of Denton County testified that appellant brought in the bond signed by himself and the other two bondsmen, and said nothing to him at the time about having taken his name off the bond, and that appellant's name was on the bond when he approved it; that he paid no attention to a slight line in appellant's name, thinking that was only the way a good penman wrote. There is other evidence in this record of further changes made or attempted to be made in this bond.

There is no question but that at the time the sheriff approved the bond he did so relying upon the fact it had been

and was signed and executed by all three of said bondsmen. There is no question but that after his approval of said bond the principal therein was released, and that no claim was made of any erasure or change in the bond until after its forfeiture when the principal failed to appear. Appellant was a lawyer, and when he made contact with the other sureties after the bond was forfeited, he told them they need not worry because he had taken his name off the bond. The sheriff said appellant did not take his name off the bond. This issue of fact was evidently decided by the trial judge in favor of the State. We think he was warranted in his conclusion that appellant's name was on the bond as one of its makers when the bond was approved.

The motion for rehearing is overruled.

*Overruled.*